# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:19 CR 170** |
| **Plaintiff** | ) | **JUDGE SOLOMON OLIVER** |
| vs. | ) | **DEFENDANT'S MOTION FOR ENLARGMENT OF TIME TO FILE PRETRIAL MOTIONS** |
| **DARNELL EMORY** | ) | |
| **Defendants** | ) | |

Comes now Defendant Darnell Emory, by and through undersigned counsel, and moves this Honorable Court to enlarge the time to file pretrial motions by 20 days or by 10 days after the government's production in discovery of Mr. Emory's recorded statements, whichever is later.

Support for this motion is set forth in the accompanying consolidated memorandum of law which is identical to the consolidated memorandum of law being submitted in a separately filed motion to compel the aforementioned discovery.

                                                    Respectfully submitted,

                                                    /s/ Steven L. Bradley
                                                    STEVEN L. BRADLEY (0046622)
                                                    Suite 222 Leader Building
                                                    526 Superior Avenue
                                                    Cleveland, Ohio 44114
                                                    (216) 781-0722, FAX: (216) 781-6010
                                                    steve@mareinandbradley.com

**CONSOLIDATED MEMORANUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY OF DEFENDANT'S RECORDED STATEMENTS AND MOTION FOR ENLARGEMENT OF TIME TO FILE PRETRIAL MOTIONS**

### Background

The government has in its possession, and refuses to produce, recorded statements of Darnell Emory. These recorded conversations pertain to alleged conversations that Mr. Emory had with a government confidential informant who allegedly called Mr. Emory and discussed the sale of drugs. These conversations were referenced in the affidavit in support of a search warrant of Mr. Emory's residence. Evidence found during that search form the gravamen of the charges in the indictment. The government's refusal to disclose is premised upon its representation that these statements are not referenced in the indictment and will not be offered into evidence at trial.

This Court should order the government to produce these recorded statements. In addition, because these statements were not produced earlier, the defense requests an enlargement of time to file pretrial motions.

### Discovery of the Recorded Statements

The discovery of the statements is governed by Fed. R. Crim. P. 16:

 (B) Defendant's Written or Recorded Statement. Upon a defendant's request, the government **must** disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

(i) any relevant written or recorded statement by the defendant if:

• the statement is within the government's possession, custody, or control; and

• the attorney for the government knows--or through due diligence could know--that the statement exists;

(ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in

> response to interrogation by a person the defendant knew was a government agent; and
>
> (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

Fed. R. Crim. P. 16 (hereinafter "Rule 16") (emphasis added).

Rule 16's provision regarding the disclosure of a defendant's own recorded statements is mandatory. This was made clear in the 1974 amendment to Rule 16.

> Subdivision (a)(1)(A)[1] amends the old rule to provide, upon request of the defendant, the government shall permit discovery if the conditions specified in subdivision (a)(1)(A) exist. Some courts have construed the current language as giving the court discretion as to whether to grant discovery of defendant's statements. . . . Other courts have held that even though the current rules make discovery discretionary, the defendant need not show cause when he seeks to discover his own statements . . .
>
> The amendment making disclosure mandatory under the circumstances prescribed in subdivision (a)(1)(A) resolves such ambiguity as may currently exist, in the direction of more liberal discovery.

Advisory Committee Notes, 1974 Amendments to Fed. R. Crim. P. 16.[2]

Here, the recorded statements are relevant. Access to these statements is pertinent to the preparation of a defense, including on the issues of:

---

[1] The 1974 Rule's subsection (a)(1)(A) encompassed what is now included in (a)(1)(b). See Advisory Committee Notes to 2002 amendments, which can be found in the same link set forth in n.2, *infra.*

[2] The Westlaw link for the quoted material is:

https://1.next.westlaw.com/Document/N49B3EF70B8B511D8983DF34406B5929B/View/FullText.html?navigationPath=Search%2Fv1%2Fresults%2Fnavigation%2Fi0ad62aee0000016afeb7d67132b64f3e%3FNav%3DMULTIPLECITATIONS%26fragmentIdentifier%3DN49B3EF70B8B511D8983DF34406B5929B%26parentRank%3D0%26startIndex%3D1%26contextData%3D%2528sc.Search%2529%26transitionType%3DUniqueDocItem&listSource=Search&listPageSource=839e0291466675ac966109841174166f&list=MULTIPLECITATIONS&sessionScopeId=304956f4ca187430cb113fa5b00c2946049ffa9118282de3dba3ce4db480a31a&originationContext=NonUniqueFindSelected&transitionType=UniqueDocItem&contextData=%28sc.Search%29

- Whether the search warrant affidavit contained misrepresentations or material omissions regarding these conversations, which is a potential basis for suppression under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

- Whether there was entrapment.

- Whether Mr. Emory was in possession/ownership of various items of contraband, particularly drugs, allegedly discussed in the recordings.

Any argument that disclosure is only required if the recorded statements are to be admitted into evidence ignores the distinction that Rule 16 makes between oral and written/recorded statements of the defendant.  Subsection (a)(1)(A) limits the disclosure of oral statements to law enforcement officers to when "the government intends to use the statement at trial."  Under the doctrine of "*expressio unius est exclusio alterius*," (the expression of one thing implies the exclusion of another), this difference between (a)(1)(A) and (a)(1)(B) demonstrates that Rule 16 knows how to specify when statements are only discoverable if intended for use at trial -- and chose not to place such a limitation on the government's duty to produce in discovery a defendant's recorded statement.

Moreover, because of their materiality to the defense preparation for trial, for the reasons previously noted, the recorded statements in this case are also discoverable under subsection (a)(1)(E), which requires production of any materials or data material to the preparation of the defense.  *See generally, United States v. Poindexter,* 727 F.Supp. 1470, 1473 (D. D.C. 1989) (Subsection (a)(1)(E) provides "the widest possible opportunity to inspect and receive such materials in the possession of the government as may aid him in presenting his side of the case.").

Accordingly, discovery should be compelled.

**Enlargement of Time to File Motions**

In light of the need for discovery of the aforementioned statements, additional time to file motions is required.  This includes, without limitation, a need to file a motion to suppress the search of Mr. Emory's residence, where the warrant was issued on the basis of the aforementioned statements.

A period of 10 days after production of the statements is requested.  It is further r requested that, should discovery be produced within 10 days of the filing of this motion, that 20 days be allowed due to undersigned counsel's heavy caseload in the month of June.

**Conclusion**

Wherefore, Defendant prays that his motion be granted.

                Respectfully submitted,

                /s/ Steven L. Bradley_____
                STEVEN L. BRADLEY (0046622)
                Suite 222 Leader Building
                526 Superior Avenue
                Cleveland, Ohio 44114
                (216) 781-0722, FAX:  (216) 781-6010
                steve@mareinandbradley.com

<u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was delivered to counsel of record via the Court's electronic filing system at the time of filing this 28th day of May, 2019.

                /s/ Steven L. Bradley_____
                STEVEN L. BRADLEY